**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MASTEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINICLIP SA and APPLE INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Derek Mastel ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action suit brought against Defendants Miniclip SA ("Miniclip") and Apple Inc. ("Apple") (collectively, "Defendants") for wiretapping the electronic communications of users of Defendant Miniclip's 8 Ball Pool mobile application ("8 Ball Pool" or the "App"). Miniclip, without a user's permission and with the aid of Apple, is able to view text entries saved on the Pasteboard on an iPhone device, even though such text came from other mobile applications. By doing so, Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, invaded Plaintiff's and members of the Classes' privacy rights in violation of the California Constitution, violated the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*, and violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2. In or about December 2013, Mr. Mastel downloaded the App on his iPhone. The App has remained on Mr. Mastel's iPhone to this day. Unbeknownst to Mr. Mastel, the App was reading any text that Mr. Mastel had copied to his Pasteboard, such as his contact information (name, e-mail, phone number, address), addresses for friends and relatives, personal and private messages that have been sent to friends and relatives.

3. Plaintiff brings this action on behalf of himself and a class of all persons whose electronic communications were intercepted through the use of Defendants' wiretap on the App.

## THE PARTIES

4. Plaintiff Derek Mastel is a California resident who lives in Lodi, California. Mr. Mastel is domiciled and intends to remain in California. In or about December 2013, prior to the filing of this lawsuit, Mr. Mastel downloaded Miniclip's 8 Ball Pool application from the App Store on his iPhone device. The App has remained on Mr. Mastel's iPhone to this day. Mr. Mastel was in Lodi when he downloaded the App. Since downloading the App, Mr. Mastel has used the

1  Pasteboard to copy text and other data on his iPhone.  Each time Mr. Mastel opened the App, the
2  App would read the text or data copied to Mr. Mastel' Pasteboard, even though the text was not
3  copied from the App.  This included his contact information (name, e-mail, phone number, address),
4  addresses for friends and relatives, personal and private messages that have been sent to friends and
5  relatives.  Mr. Mastel was unaware that the text on his Pasteboard was being viewed by the App,
6  nor did Mr. Mastel consent to the same.

7        5.      Defendant Miniclip SA is a Swiss corporation with its principal place of business at
8  18 Faubourg de l'Hopital, 2000 Neuchatel, Switzerland.  Miniclip is the world's largest privately
9  owned online gaming website, and its games had been downloaded over 1 billion times across
10  various devices as of 2016.  Miniclip conducts substantial business throughout the United States and
11  in the State of California.

12        6.      Defendant Apple Inc. is a Delaware corporation with its principal place of business
13  in Cupertino, California.  Apple conducts substantial business throughout the United States and in
14  the State of California.

15  **JURISDICTION AND VENUE**

16        7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A)
17  because this case is a class action where the aggregate claims of all members of the proposed class
18  are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the
19  proposed class is citizen of state different from at least one Defendant.

20        8.      This Court has personal jurisdiction over Defendants because each of the Defendants
21  have purposefully availed themselves of the laws and benefits of doing business in this State, and
22  Plaintiff's claims arise out of each of the Defendants' forum-related activities.  Furthermore, a
23  substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

24        9.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a
25  substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this
26  District.  Further, Defendant Miniclip, as a foreign corporation, may be sued in any judicial District.

27
28

**STATEMENT OF FACTS**

**I.    OVERVIEW OF THE APP AND THE PASTEBOARD**

10. Defendant Apple manufacturers and sells iPhone smart phones, which run on iOS software.

11. A feature on all iOS devices is the "Pasteboard," which allows users to copy text or other data to the "Pasteboard" or clipboard and paste the text or other data in other contexts. For instance, a user can copy an Internet address from a web browser to the Pasteboard and paste the Internet address in a text message. The feature is similar to the copy-paste feature on a computer.

12. Text previously copied to the Pasteboard is not deleted until a user copies new text to the Pasteboard. However, apps that have access to the Pasteboard can store data over time, even if a user copies new text to the Pasteboard. Thus, apps can compile a library of text from each user.

13. Another feature on all iOS devices is the App Store. The App Store allows users to download mobile applications such as games, news apps, social networking apps, and video streaming services.

14. One of the games that users can download from the App Store is 8 Ball Pool, which is developed by Miniclip.

15. 8 Ball Pool is a popular billiards game for mobile devices. The game has earned over $400 million for Miniclip worldwide as of 2018, with more than half of the revenue coming from the United States.[1]

16. Importantly, 8 Ball Pool does not contain a user interface for text entry.

**II.    OVERVIEW OF THE WIRETAPPING TECHNOLOGY**

17. Apple gives apps on iOS devices, such as 8 Ball Pool and its developer, Miniclip, "unrestricted access" to the Pasteboard.[2]

---

[1] https://sensortower.com/blog/8-ball-pool-revenue.
[2] https://www.mysk.blog/2020/03/10/popular-iphone-and-ipad-apps-snooping-on-the-pasteboard/.

18. Many mobile applications, including 8 Ball Pool, access the Pasteboard every time the application is opened. Each access of the Pasteboard is clearly recorded on the iOS device's system log.[3]

19. The pictures below show the device log for 8 Ball Pool. The lower highlighted line (14:31:09) shows 8 Ball Pool requesting access to the Pasteboard. The higher highlighted line (14:30:17) shows that 8 Ball Pool has read the contents of the Pasteboard:



20. While the mobile applications can only read text-based data, the mobile applications are still able to access highly sensitive information. Secret messages to friends, user names and passwords, personally identifying information or personal health information, trade secrets or confidential communications with clients, and any other text copied to the Pasteboard is accessed by these mobile applications.

21. Apple has previously stated they do not see "an issue with this vulnerability."[4]

---

[3] *Id.*

[4] https://www.mysk.blog/2020/02/24/precise-location-information-leaking-through-system-pasteboard/.

### III. DEFENDANTS WIRETAPPED PLAINTIFF'S ELECTRONIC COMMUNICATIONS

22. In or about December 2013, Plaintiff downloaded the 8 Ball Pool app from the App Store on his iOS device. The App remains on Plaintiff's device to this day.

23. Since he downloaded the App, Plaintiff has copied numerous pieces of text data to his Pasteboard. This has included, but is not limited to, his contact information (name, e-mail, phone number, address), addresses for friends and relatives, personal and private messages that have been sent to friends and relatives.

24. Every time Plaintiff opened the App, the App read the contents of his Pasteboard.

25. Miniclip, the developer of the App, was not a party to these communications. None of the text copied by Plaintiff came from the App because the App does not have a user interface that allows users to copy text, such as that present in other mobile applications.

26. Miniclip has access to all of the data stored in the App.

27. Upon information and belief, Miniclip is "surreptitiously duplicat[ing]" the contents of the Pasteboard and sending the contents to itself. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020).

28. The App was able to do so with the aid of technology and development tools provided by Defendant Apple.

29. Plaintiff was not aware that the App was reading the contents of his Pasteboard, nor did Plaintiff ever consent to the same.

### CLASS ACTION ALLEGATIONS

30. Plaintiff seeks to represent a class of all United States residents whose Pasteboard data was accessed or intercepted by Miniclip (the "Class"). Plaintiff reserves the right to modify the class definition as appropriate based on further investigation and discovery obtained in the case.

31. Plaintiff also seeks to represent a subclass of all members of the Class who reside in the State of California (the "Subclass").

32. Collectively, the Class and Subclass shall be referred to as the "Classes."

33. Members of the Classes are so numerous that their individual joinder herein is

impracticable. On information and belief, members of the Classes number in the thousands. The precise number of members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

34. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*, the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and invaded Plaintiff's privacy rights in violation of the California Constitution; and whether members of the Classes are entitled to actual and/or statutory damages for the aforementioned violations.

35. The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other members of the Classes, downloaded the App and had his electronic communications accessed and intercepted by Miniclip through the use of Miniclip's wiretaps with the aid of Apple.

36. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

38. Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendants.

## COUNT I
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631

39. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendants.

41. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

> *Or*

> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

> *Or*

> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

> *Or*

>Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

42. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

43. Miniclip's 8 Ball Pool app product is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

44. At all relevant times, by using the App, Defendants intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and members of the Subclass on the one hand, and the Pasteboard on their iOS devices on the other hand.

45. At all relevant times, Defendant Miniclip duplicated and forwarded communications that Plaintiff made on his iOS device to itself without the consent of Plaintiff.

46. At all relevant times, by using the App, Defendants willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative members of the Subclass, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

47. Defendants aided, agreed with, and conspired with each other to implement the App and to accomplish the wrongful conduct at issue here. In addition, Apple has allowed developers such as Miniclip unrestricted access to the Pasteboard.

48. Plaintiff and members of the Subclass did not consent to any of Defendants' actions in accessing the content of their Pasteboard. Nor have Plaintiff or members of the Subclass

consented to Defendants' intentional access, interception, reading, learning, recording, and collection of Plaintiff and members of the Subclass's electronic communications.

49. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

50. Unless enjoined, Defendants will continue to commit the illegal acts alleged here. Plaintiff continues to be at risk because he frequently downloads and accesses mobile applications on his iOS device and he continues to desire to use his iOS device for that purpose. Defendant Apple allows developers unrestricted access to the Pasteboard. For many mobile applications that Plaintiff may or is likely to download, he has no practical way to know if the content of his Pasteboard will be accessed.

51. Plaintiff and Members of the Classes seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT II
## Invasion Of Privacy Under California's Constitution

52. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendants.

54. Plaintiff and members of the Subclass have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various mobile applications sites without being subjected to wiretaps without Plaintiff's and members of the Subclass's knowledge or consent.

55. At all relevant times, by Apple allowing Miniclip's App unfettered access to the Pasteboard on iOS devices, each Defendant intentionally invaded Plaintiff and members of the Subclass's privacy rights under the California Constitution, and procured the other Defendant to do so.

56. Plaintiff and Members of the Classes had a reasonable expectation that the data on their Pasteboard would remain confidential and that Defendants would not access it through the App.

57. Plaintiff and members of the Subclass did not consent to any of Defendants' actions in accessing the content of the Pasteboard.

58. This invasion of privacy is serious in nature, scope and impact.

59. This invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

60. Plaintiff and members of the Subclass seek all relief available for invasion of privacy claims under California's Constitution.

### COUNT III
### Violation Of The Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*

61. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant Miniclip.

63. The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*, prohibits "intentionally access[ing] without authorization a facility through which an electronic communication service is provided … and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a)(1)."

64. The Pasteboard on iOS devices is an "electronic communication service" as defined in 18 U.S.C. § 2510(15).

65. At the time the data on the Pasteboard was accessed, the data was in "electronic storage" as required by the SCA.

66. At all relevant times, Defendant Miniclip intentionally accessed the contents of Plaintiff's and members of the Classes' Pasteboards, and thereby obtained the contents of the Pasteboards while the contents were in storage.

67. At all relevant times, Defendant Miniclip acted without authorization.

68. Defendant Miniclip was not a party to any of these electronic communications.

69. Plaintiff and members of the Classes are permitted to bring a civil action over these violations of the SCA. 18 U.S.C. § 2707(a).

70. Plaintiff and members of the Classes seek all relief available under the SCA, including damages suffered by Plaintiff and members of the Classes for not less than $1,000, and punitive damages. 18 U.S.C. § 2707(c).

## COUNT IV
### Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*

71. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

72. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendants.

73. By committing the acts and practices alleged herein, Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* as to the Subclass, by engaging in unlawful conduct.

74. Defendants' acts and practices described above violate the UCL's proscription against engaging in unlawful conduct, as predicated upon Plaintiff's Invasion of Privacy, CIPA, and SCA claims.

75. Plaintiff other Subclass Members could not have reasonably avoided the injury each of them suffered.

76. Plaintiff seeks all available relief under the UCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Classes under Rule 23 and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

1  (b) For an order declaring that the Defendants' conduct violates the statutes referenced herein;

2  (c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

3  (d) For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

4  (e) For prejudgment interest on all amounts awarded;

5  (f) For an order of restitution and all other forms of equitable monetary relief;

6  (g) For injunctive relief as pleaded or as the Court may deem proper; and

7  (h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated:  January 21, 2021               Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/ *Joel D. Smith*
           Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            jsmith@bursor.com

*Attorneys for Plaintiff*